We are of the opinion that there is no error in the judgment appealed from, and it is hereby affirmed.

---

(51 South. 1033.)

No. 17,901.

SCHUTE v. HOPKINS et al.

(March 28, 1910.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—APPELLATE JURISDICTION—DECISIONS REVIEWABLE — HOMESTEAD EXEMPTIONS.

This case is appealed to the Supreme Court under article 85 of the Constitution, which declares that the appellate jurisdiction of that court extends to all cases involving homestead exemptions. An examination of the record discloses that it submits for decision no question in respect to homestead exemptions.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

Appeal from the Justice's Court, Ward 4, Parish of Union; J. M. Anderson, Justice of the Peace.

Action by Solomon Schute against J. L. Hopkins and others. Judgment for plaintiff, and the mentioned defendant appeals. Dismissed

Clifton Mathews, for appellant. J. B. Crow, for appellee.

Statement of the Case.

NICHOLLS, J. The transcript in this case opens with a petition by the plaintiff addressed to the Fourth ward justice court, Union parish, in which he alleged: That by virtue of a writ of sequestration issued out of said court by the defendant J. L. Hopkins in a certain mentioned suit on the docket thereof the constable of the court had sequestered and taken into his possession among other things 15 bushels of corn, more or less, and a certain lot of hay belonging to petitioner. That petitioner was at the time of said seizure residing on a farm of his own, which he claimed as his homestead. That said sequestered property was all the corn and hay and fodder that he owned, had, or possessed or had any control over or any access to. That same was necessary to maintain and keep petitioner and his said family and for his horses and cows attached to his farm, and which were also claimed, and still claimed, by petitioner as exempt from seizure and sale by any process whatever under the homestead and exemption laws of the state, and that the said corn and hay seized as aforesaid was all owned and possessed by petitioner at the time of said seizure, and that same was necessary to maintain himself, his family, and his aforesaid horses and cows for the then current year or the remainder thereof.

That, by virtue of a writ of fieri facias at the instance of said Hopkins in the same

suit, the aforesaid exempted property had been seized and was then advertised for sale under said writ and notice of same had been served on him. That said corn and hay was then, and was still, all the feed stuff or other provision of like or similar nature owned or possessed by petitioner, and which as aforesaid is exempt under the laws of Louisiana. That petitioner had no other corn or hay or fodder for his use and benefit and for that of his family and aforesaid cows and horses during the current year or any part thereof, and to deprive him of said exempt property would work an irreparable injury to him and his family. That a writ of injunction was necessary in the premises and to restrain the illegal and unwarranted seizure and to forestall the sale of the aforesaid property. Plaintiff alleged that he had been damaged by and on account of said illegal seizure in the amount of $10 for attorney's fees to prepare and conduct the suit, $10 for the loss and depreciation of the property caused by said property being tied up, $10 for loss of time in employing attorneys and attending court for the trial of the case, and $15 as exemplary damages on account of the unlawful and willful seizure of said property.

He prayed, in view of the premises, for the injunction suggested restraining the constable from further proceeding with the advertisement and sale of said exempt property, and for judgment against Hopkins and the constable for $45 for the damages claimed, and decreeing the property seized to belong to him and to be exempt from seizure and sale under the Constitution and laws of the state.

The injunction prayed for was ordered to issue, and was issued as prayed for.

The defendant answered by a general denial and a prayer that plaintiff's demand be rejected.

On trial the justice of the peace rendered the following judgment sustaining the writ of sequestration:

"Considering my judgment of December 21, 1908, sustaining the writ of sequestration for property only subject to seizure, and notwithstanding this all the stuff sequestered was bonded by Solomon and Jim Schute, and evidently the said corn and hay was consumed by them during the year 1908, notice of seizure and advertisement show that said property was seized under both writs, and, when offered for sale, J. L. Hopkins bought the property not enjoined, and through his attorney fought the two previous injunctions on informalities of affidavits and had them dismissed. Also he appeared and answered plaintiff's petition with a general denial, who was apparently pushing the sale of the property enjoined for proceeds of sale (though informal). Therefore, by virtue of the foregoing and the action, recognition, and acceptance by J. L. Hopkins, aforesaid, Solomon Schute's injunction is hereby maintained and perpetuated, and the proceeds of the corn and hay at issue are adjudged and decreed to be exempt from seizure and sale under the homestead exemptions of Louisiana, and the plaintiff decreed the owner of the same. The defendant J. L. Hopkins is condemned to pay the costs of this injunction. Plaintiff's demand for damages not sustained by the court for the reason that, had the proper application been made at the start of suit for said exemption, he virtually could have obviated all of his trouble and expense, for which neglect or failure the defendant J. L. Hopkins is not responsible."

The defendant Hopkins has appealed from said judgment to the Supreme Court.

The following statement of facts signed by all parties is in the transcript:

"It is hereby agreed by and between counsel for Solomon Schute, plaintiff and appellee, and for J. L. Hopkins, defendant and appellant, in the above-styled cause, that the appeal in said cause be submitted to the Supreme Court of the state of Louisiana on the following statement of facts, to wit:

"That each and all of the allegations made and contained in the petition of the said Solomon Schute, plaintiff and appellee in this cause, were proved and admitted to be true and correct, except as hereinafter stated. That it was proved and is admitted that at some time during the pendency of the suit entitled 'J. L. Hopkins vs. Solomon Schute et al.,' the hay and corn sequestered in said suit and described in the petition of the said Solomon Schute, plaintiff and appellee in this cause, were re-

leased to the said Solomon Schute on his giving bond therefor with security as provided by law, and that the judgment in said suit sustained the writ of sequestration in so far as the property sequestered might be subject to seizure (no claim to homestead or homestead exemption having been made).

"That it was proved by parol testimony, but not otherwise, that at some time after judgment was rendered in said suit entitled 'J. L. Hopkins vs. Solomon Schute et al.,' and before the writ of fieri facias had been issued in execution of said judgment, said corn and hay were entirely used up and consumed by the said Solomon Schute, plaintiff and appellee in this cause; but that this testimony was duly objected to by counsel for the said Solomon Schute, plaintiff and appellee in this cause, on the ground that said testimony was not the best evidence, that the record alone was the best evidence, and that said testimony was irrelevant and inadmissible under the pleadings, which objection was overruled, counsel for the said Solomon Schute excepting, and that the question of the admissibility of said testimony is now rendered and submitted to the Supreme Court for its determination.

"That it was proved and is admitted that, if entitled to the writ of injunction sued out in this cause, the said Solomon Schute is also entitled to recover of the said J. L. Hopkins, defendant and appellant in this cause, the sum of $15 damages.

"Done and signed this 8th day of September, 1909."

Opinion.

The record and proceedings and evidence in this suit of Hopkins v. Schute are not in the transcript, the only knowledge of the same brought to the court being through the pleadings in this immediate proceedings, the recitals of the judgment appealed from, and the statement of facts.

The case is appealed to this court by appellant under the claim that it had appellate jurisdiction under article 85 of the Constitution, which declares that the appellate jurisdiction of the Supreme Court extends to all cases involving homestead exemptions.

The present proceeding submits to us for decision no issue "involving a homestead exemption." We have no appellate jurisdiction in this matter.

The appeal for that reason is hereby dismissed.